UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BLUECHIP SERVICES, et al.<br><br>　　　　　　　　　　Defendants. | Case No.: 3:22-cv-00900-RBM-KSC<br><br>**ORDER GRANTING DEFENDANTS HOWELL MANAGEMENT SERVICES, LLC AND CHRIS HOWELL'S MOTION TO DISMISS**<br><br>**[Doc. 4]** |

On June 28, 2022, Defendants Howell Management Services ("HMS") and Chris Howell ("Howell") (collectively "HMS Defendants") filed a motion to dismiss the fifth cause of action asserted against them in Plaintiff's first amended complaint (Doc. 1-3 "FAC") pursuant to Rules 8, 12(b)(6), and 12(b)(7) of the Federal Rule of Civil Procedure ("Motion"). (Doc. 4.) Plaintiff Aparna Vashisht-Rota ("Plaintiff" or "Vashisht-Rota"), appearing pro se, filed an opposition on September 2, 2022. (Doc. 14.) HMS Defendants filed a reply on September 9, 2022. (Doc. 15.)

For the reasons below, HMS Defendants' Motion to Dismiss is **GRANTED**.

## I.    BACKGROUND

Plaintiff and HMS Defendants have been engaged in extensive litigation in this

District[1] and Utah state court concerning the parties' conduct and obligations relating to their business/contractual relationship where Plaintiff agreed to refer foreign and domestic students to HMS and to have those students enrolled at universities associated with HMS. *See Vashist-Rota v. Howell Mgmt. Servs.*, Case No. 20-cv-321-RBM-KSC, Doc. 234 at 3-7 (S.D. Cal. Nov. 25, 2022) (recounting procedural background, Utah litigation, pending cases within this District, and previously dismissed cases within this District).

The FAC also names several other Defendants: Bluechip Services (International), an India Private Limited Company, Bluechip Services International Chennai, an India Private Limited Company, Mohammed Hariss, Mubeen Taj, and Does 1-25 (collectively "Bluechip Defendants"). (*See generally* FAC.)  As of January 26, 2023, service of the Bluechip Defendants is in process.[2]  (Doc. 19.)  The factual allegations in the FAC are separated between allegations against Bluechip Defendants and HMS Defendants.

As to Bluechip Defendants, "Plaintiff began working with BLUECHIP SERVICES INTERNATIONAL CHENNAI BC International in November 2017 pursuant to the contract attached (Exhibit A)." (FAC ¶ 13.)  Exhibit A is a Referral Agreement between August Network, LLC, a California limited liability company, and "Bluechip Services International (Chennai) Pvt. Ltd., a company organized under the laws of India Government" ("Referral Agreement"). (FAC at 29.)  The FAC alleges the Referral Agreement expired on November 11, 2019. (FAC ¶ 13.) "In November of 2019, Plaintiff's

---

[1] Plaintiff has four other pending cases in this District.  *See Vashist-Rota v. Howell Mgmt. Servs.*, Case No. 20-cv-321-RBM-KSC; *Vashisht-Rota v. Ottawa Univ.*, No. 20-cv-959-RBM-KSC; *Vashisht-Rota v. Harrisburg Univ.*, No. 20-cv-967-RBM-KSC; and *Vashisht-Rota v. Utah Attorney General*, No. 22-cv-978-RBM-KSC.  She has two cases in this District that have been dismissed.  *See Vashisht-Rota v. Howell Management Services, et. al.*, No. 3:18-cv-02010-L-AGS; and *Vashisht-Rota v. Howell Management Services, LLC*, No. 3:19-cv-0512-L-MDD.

[2] On January 9, 2022, Plaintiff filed a "motion for alternative service" as to the Bluechip Defendants, wherein she requests to serve all foreign Defendants via email communication. (Doc. 20 at 2.)

staff had reached out to Defendants, Ms. Taj and BC Chennai to meet and discuss the prospect of doing business together by recruiting potential employees and international students to the United States for Plaintiff's entity, August Network. These discussions progressed and Plaintiff visited Defendants in Bangalore, India on November 16-20th, 2019." (*Id.* ¶ 15.) During this visit, Plaintiff learned Bluechip Defendants work with HMS Defendants, a company involved in ongoing litigation with Plaintiff. (*Id.* ¶¶ 18-19, 28.) Plaintiff and Bluechip Defendants entered into a second contract on or around December 28, 2019, and they were involved in contractual negotiations for university recruitment until May 2020 and discussed "new business segments" until July 2020. (*Id.* ¶¶ 13, 32.) Sometime in 2020, Plaintiff found out Defendants Taj and Hariss lied to HMS Defendants "about the nature of Plaintiff's visit in November 2019[,]" "the nature of contract negotiations," and "made patently false statements" defaming Plaintiff. (*Id.* ¶¶ 25-27.)

As to the factual allegations against HMS Defendants, the FAC states "[t]his instant complaint arises out of facts in 2020 related to Plaintiff's staffing business August Network" and HMS Defendants' alleged interference with Plaintiff's business with Bluechip Defendants. (*Id.* ¶¶ 32, 35.) "In late August 2020, Defendant HMS filed a motion in its Utah litigation that . . . turn[ed] [Bluechip] against Plaintiff disrupting her staffing business worth millions due to high margins." (*Id.* ¶ 32.)

The FAC asserts six causes of action: (1) defamation against Defendant Taj; (2) breach of implied covenant of good faith and fair dealing against Bluechip Defendants; (3) intentional infliction of emotional distress against Bluechip Defendants; (4) intentional interference with prospective economic relations against Bluechip Defendants; (5) unfair competition against Bluechip Defendants and HMS Defendants; and (6) violation of Civil Code § 51.5 against Bluechip Defendants. (*Id.* ¶¶ 37-114.) The fifth cause of action for unfair competition alleges a Sherman Act violation. (*Id.* ¶¶ 82-101.) It asserts HMS and Bluechip "formed a trust" which resulted in the market being less competitive which has prevented Plaintiff from "gaining her rightful share from HMS" and restrained Plaintiff's trade. (*Id.*) HMS Defendants seek dismissal of this sole cause of action asserted against

them. (Doc. 4.)

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Moreover, when an action is filed by a pro se litigant, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). However, in giving liberal interpretation to a pro se complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)

(internal quotation marks and citations omitted).  In deciding whether justice requires granting leave to amend, factors to be considered include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

### III.  DISCUSSION

HMS Defendants raise various arguments seeking dismissal of the Sherman Act claim against them.  Defendants argue the claim is barred by the doctrine of collateral estoppel and the rule against claim splitting.  (Doc. 4-1 at 16-21.)  They seek dismissal for Plaintiff's failure to allege a short and plain statement for relief under Rule 8, failure to state a claim under Rule 12(b)(6), and failure to join necessary and indispensable parties under Rule 12(b)(7).  (*Id.* at 21-27, 28-29.)  Finally, Defendants allege Plaintiff lacks standing to bring her claim, as she is asserting claims that should be litigated by August Network, LLC.  (*Id.* at 27-28.)

A. Standing

Standing is a threshold issue, therefore, the Court addresses this argument first.  Assuming *arguendo* Plaintiff has a viable Sherman Act claim, Defendant argues Plaintiff lacks standing and capacity to bring such claim because it belongs to August Network, LLC, which is a separate legal entity from Plaintiff.  (Doc. 4-1 at 27-28.)  Moreover, Plaintiff, appearing pro se, cannot assert claims on behalf of her entity.  (*Id.* (citing CivLR 83.3(j)).)  Plaintiff's opposition is silent as to this argument.  (Doc. 14; *see also* Doc. 15 at 8-9.)

The FAC's factual allegations against HMS Defendants state that the complaint "arises out of facts in 2020 related to Plaintiff's staffing business August Network[.]" (FAC ¶ 32.)  Accordingly, it appears the FAC is intended to be filed on behalf of August Network, LLC, which has an active business license in the State of California.  *See* Cal.

5

Sec. of State Website, https://bizfileonline.sos.ca.gov/search/business (last visited Jan. 26, 2023); *see also* FED. R. EVID. 201 (court may take judicial notice of fact that is not subject to reasonable dispute because can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

According to this District's Local Rules,

> [o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

*See* CivLR 83.3(j).

Plaintiff has not established that she is an attorney permitted to represent August Network, LLC, pursuant to Civil Local Rule 83.3(j). As a pro se litigant, Plaintiff cannot litigate claims on behalf of August Network, LLC. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity"); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("non-attorney members of a partnership [cannot] appear on behalf of the partnership"); *Reis v. Tavant Techs., Inc.*, No. 19-CV-609-WQH-JLB, 2019 WL 5727453, at **3-4 (S.D. Cal. Nov. 5, 2019) (granting motion to dismiss, in part, on pro se plaintiff's lack of standing to sue on behalf of legal entity); *Pelletier v. Rodriguez*, No. 17-CV-1809-BTM-JMA, 2018 WL 4562752, at **1-2 (S.D. Cal. Sept. 24, 2018) (striking pro se litigant's complaint brought derivatively on behalf of LLC on ground that LLCs must be represented by counsel). Accordingly, the motion to

dismiss is **GRANTED** as to the HMS Defendants.[3]

## IV. CONCLUSION

For the reasons state above, Defendants HMS and Howell's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

DATE:  January 30, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] The Court reserves ruling on the claims asserted against Bluechip Defendants at this time, as it appears it appears some claims against Bluechip Defendants are asserted in Plaintiff's individual capacity.